**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6931**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE EDWARD BARNES, a/k/a Big Will,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:08-cr-00064-JPB-RWT-1)

Submitted:  December 16, 2015     Decided:  February 5, 2016

Before KING, SHEDD, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Willie Edward Barnes, Appellant Pro Se.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Edward Barnes seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(2) motion seeking relief from the court's prior order denying his 28 U.S.C. § 2255 (2012) motion[*] and its order denying his Fed. R. Civ. P. 59(e) motion. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a

---

[*] Barnes filed a self-styled motion to excuse the appeal waiver provision incorporated in his plea agreement that sought relief under Fed. R. Civ. P. 60(b)(2) from the order denying the § 2255 motion. We construe the motion to excuse as a Rule 60(b)(2) motion. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting that it is the "long standing practice" of this court to classify pro se pleadings from prisoners like Barnes "according to their contents, without regard to their captions").

2

debatable claim of the denial of a constitutional right.  <u>Slack</u>, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Barnes has not made the requisite showing.  Accordingly, although we grant Barnes' motion to supplement his informal brief, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>